1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

KINGSTON TECHNOLOGY
CORPORATION, a California corporation,
KINGSTON DIGITAL, INC., a Delaware
corporation,  KINGSTON TECHNOLOGY
COMPANY, INC., a Delaware corporation,

Plaintiffs

vs.

KINGSTONUSBCF.COM, an Internet domain
name,

Defendant.

Case No.

COMPLAINT

9

10

11

12

13

14

15

16

17

18

   Plaintiffs Kingston Technology Corporation, Kingston Digital, Inc., and Kingston

Technology Company, Inc., (collectively "Kingston") allege as follows in support of their *in rem*

claim against the Internet Domain Name KINGSTONUSBCF.COM (Defendant Domain Name):

19

20

21

22

**NATURE OF THE CASE**

23

   1.  Plaintiffs bring this action against the KINGSTONUSBCF.COM domain name *in*

*rem* pursuant to the Anti-cybersquatting Consumer Protection Act ("ACPA") to enjoin the

cyberpiracy of Kingston's trademarks through the use of the Defendant Domain Name.

24

25

26

COMPLAINT
Page 1

KLARQUIST SPARKMAN, LLP
One Union Square
600 University Street, Suite 2950
Seattle, Washington  98101
206-264-2960

2.     The Defendant Domain Name is confusingly similar to the famous and distinctive KINGSTON and KINGSTON TECHNOLOGY trademarks, (collectively the "KINGSTON Marks").

3.     The Defendant Domain Name is being used in bad faith to intentionally and unlawfully profit from Plaintiff's substantial investment in the KINGSTON Marks.

**JURISDICTION AND VENUE**

4.     This action is based on Section 43 of the Lanham Act, 15 U.S.C. § 1125.

5.     This Court has subject matter jurisdiction over plaintiff's claims brought under Section 43 of the Lanham Act, pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) as those claims arise under the trademark laws of the United States.

6.     This Court has in rem jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(I) because Plaintiffs have been unable to obtain personal jurisdiction over the only known possible defendants under 15 U.S.C. 1125(d)(1) because those defendants appear to be located in China and have provided false contact information.

7.     This Court further has in rem jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II) because Plaintiffs have with due diligence attempted to notify defendants at the postal address and email address provided to the registrar. Further, Plaintiffs will publish a notice of this action as the Court may direct in its discretion promptly after filing this action.

8.     *In rem* jurisdiction is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C)(i) because the domain name registrar of the Defendant Domain Name is: eNom Inc., which has its headquarters at 15801 NE 24th St., Bellevue, WA 98008.

9.     Venue is proper in this district under 28 U.S.C. Section 1391(b)(2) and 15 U.S.C. Sections 1125(d)(2)(A) and (C) because the registrar of the Defendant Domain Name is located

COMPLAINT
Page 2

KLARQUIST SPARKMAN, LLP
One Union Square
600 University Street, Suite 2950
Seattle, Washington 98101
206-264-2960

1

2    in this district.  A copy of the WHOIS records for the Defendant Domain Name is attached

3    hereto as Exhibit A.

4
                                            **THE PARTIES**
5
      10.    Plaintiff KINGSTON TECHNOLOGY CORPORATION is a corporation duly
6
organized and existing under the laws of California with its principal place of business located at
7
17600 Newhope Street, Fountain Valley, CA 92708.
8
      11.    Plaintiff KINGSTON DIGITAL, INC. is a corporation duly organized under the
9
laws of Delaware with its principal place of business at 17600 Newhope Street, Fountain Valley,
10
CA 92708.
11
      12.    Plaintiff KINGSTON TECHNOLOGY COMPANY, INC. is a corporation duly
12
organized under the laws of Delaware with its principal place of business located at 17600
13
Newhope Street, Fountain Valley, CA 92708.
14
      13.    The Defendant Domain Name is listed in the WHOIS records as being registered
15
to Jiaxin Technology, which is reported in that same registration to be located at No. 39,
16
Yongquan Lane, Shiba District, Ruian, ZHEJIANG 325200 CN.  Plaintiffs believe this address
17
to be false.
18
      14.    Upon information and belief and according to Whois.org, an internet site that
19
provides website registration information, Yong Liu is a principal, employee, or agent of
20
defendant Jiaxin Technology (collectively Jiaxin Technology, Yong Liu and those acting in
21
concert with them are "counterfeiters").
22

23
                                          **CAUSE OF ACTION**
24
                               **(Cyberpiracy under 15 U.S.C. 1125(d) of the**
                               **Anti-Cybersquatting Consumer Protection Act)**
25
      15.    Kingston repeats and realleges the allegations contained in paragraphs 1-15 as if
26
fully set forth herein.

COMPLAINT
Page 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

16.     Kingston is the largest independent seller of computer memory hardware in the world.  For decades, Kingston has devoted itself to the design, development, manufacture and sale of computer products including computer memory hardware.  Founded in 1987, with a single product offering, Kingston now offers more than 2,000 memory products that support nearly every device that uses memory, from computers, servers, and printers to MP3 players, digital cameras and mobile phones.

17.     Over the years, Kingston has gained a reputation for the manufacture of high-quality, reliable, and durable computer products.  Kingston has received widespread industry praise for its products from technology websites such as Engadget.com, MobilitySite.com, ComputerWorld.com, and MaximumPC.com, as well as from printed publications such as LAPTOP Magazine and the Wall Street Journal.[1][2]  Kingston has expended substantial resources promoting its products under the KINGSTON Brand which has come to symbolize the goodwill associated with the high quality KINGSTON products.  As a result, the KINGSTON brand has become a well recognized brand in the computer industry.

18.     Kingston has used its KINGSTON trademark since 1989.  The KINGSTON word mark is registered in International Class 09 for computer equipment; namely, add-on enhancement boards and memory expansion boards for personal computers, portable hard disks and data storage devices.  On July 28, 1992 the United States Trademark Office registered the KINGSTON mark giving it United States Trademark Registration No. 1,703,005.  Through its continuous use in the United States, the KINGSTON mark has become uncontestable.

19.     Kingston also owns the KINGSTON TECHNOLOGY word mark which has been registered by the United States Trademark Office in International Class 09 for computer equipment; namely, add-on enhancement boards and memory for personal computers, portable

---

[1]     Links to reviews available at "www.kingston.com/flash/rave_reviews.asp."

[2]     Reseller Review by Stuart Applebaum, The Midwest Photo Exchange, available at "www.kingston.com/flash/resellers_reviews.asp."

COMPLAINT
Page 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

hard disks and data storage devices.  On Nov. 5, 1991, the United States Patent and Trademark Office registered KINGSTON TECHNOLOGY giving it United States Trademark Registration No. 1,663,313.  Through its continuous use in the United States the KINGSTON TECHNOLOGY mark has become uncontestable.

20.    The KINGSTON Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have been famous and distinctive since long before counterfeiters registered the Defendant Domain Name.

21.    Kingston sells its products through an international network of distributors, resellers, retailers and Original Equipment Manufacturer ("OEM") customers on six continents. Kingston's global headquarters are in Fountain Valley, California.  Kingston employs more than 4,000 people worldwide and has been reported by Fortune magazine as one of the "Best Companies to Work for in America."

22.    The fame and reputation of the KINGSTON brand has caught the attention of unscrupulous counterfeiters who have now begun a campaign to capitalize on the strength, fame and reputation of the KINGSTON brand by willfully misbranding inferior counterfeit products with the KINGSTON brand to intentionally and unlawfully confuse, trick, and defraud consumers into purchasing inferior and defective memory devices believing them to be authentic KINGSTON products.

23.    The Defendant Domain Name is being used in a criminal counterfeiting enterprise.  WHOIS.ORG reports that the Defendant Domain Name is registered to Jiaxin Technology, with an office reportedly outside the United States; Plaintiff's investigation however has revealed that address to be fictitious.  Jiaxin Technology (or whatever the true identities of the counterfeiters are) has adopted the Defendant Domain Name to market its inferior and defective counterfeit memory devices directly to unsuspecting consumers.

24.    On September 9, 2009, Kingston filed in the Federal District Court for the Central District Court of California a Complaint for Trademark Counterfeiting, Trademark Infringement,

COMPLAINT
Page 5

KLARQUIST SPARKMAN, LLP
One Union Square
600 University Street, Suite 2950
Seattle, Washington  98101
206-264-2960

False Designation of Origin, Trademark Dilution, and Cyberpiracy, among other state and common law claims.

25.     On September 21, 2009, Judge Cormac J. Carney of the Central District of California issued a Temporary Restraining Order, ordering the website hosting company to suspend service, ordering the freezing of all PayPal accounts linked to the Defendant Domain Name, and granting expedited discovery to discover additional bank accounts and identifying information of the counterfeiters.  *See* Temporary Restraining Order, *Kingstson Technology Company v. Jiaxin Technology*, No. 09-1038 (C. D. Cal. Sept. 21, 2009).

26.     On September 25, 2009, the webhosting company suspended service of the Defendant Domain Name.

27.     The Defendant Domain Name unlawfully uses Kingston's famous KINGSTON brand name in addition to the terms "usb" and "cf" which relate to USB and CompactFlash memory products sold by Kingston.  The use of the famous KINGSTON mark as part of the Defendant Domain Name directs consumers seeking Kingston products to the counterfeiters' website where the consumers are deceived into purchasing counterfeit memory products falsely branded with KINGSTON Marks.

28.     In addition to the domain name itself, "Kingston," "USB," and "CF card" also appeared in the meta-tags of the website resolving from the Defendant Domain Name.  Meta-tags can be used misleadingly to get Internet search engines to misdirect Internet users searching for KINGSTON memory products to the counterfeiters' website located at the Defendant Domain Name.

29.     The KINGSTON-branded memory products received by consumers from the "www.kingstonusbcf.com" website are counterfeit.  Further, the memory products sold by the counterfeiters over the "www.kingstonusbcf.com"  website fraudulently misstate the memory capacities.

COMPLAINT
Page 6

KLARQUIST SPARKMAN, LLP
One Union Square
600 University Street, Suite 2950
Seattle, Washington  98101
206-264-2960

1

2

3
        30.    The counterfeiters' website also prominently featured the word "KINGSTON" at
the top of the homepage which also matched the look and feel of Kingston's website and made

4
no attempt to clarify that the Defendant Domain Name is not affiliated with Kingston.

5
        31.    Kingston had not authorized or otherwise licensed the use of the KINGSTON

6
brand to the operators of the website resolving from the Defendant Domain Name.  The

7
Defendant Domain Name's use of the KINGSTON brand caused confusion and deceived

8
consumers into purchasing inferior counterfeit memory devices believing them to be authentic

KINGSTON products.

9
        32.    The Defendant Domain Name's unauthorized use of the KINGSTON Marks has

10
caused and is likely to cause confusion, mistake and deception to consumers attempting to

11
purchase KINGSTON products, leading the public to believe that the products sold from the

12
Defendant Domain Name emanate or originate from Kingston, or that Kingston has approved,

13
sponsored or otherwise associated itself with the Defendant Domain Name or its counterfeit

14
products bearing the KINGSTON brand.

15
        33.    The Defendant Domain Name's unauthorized use has also resulted in the

16
counterfeiters located at the Defendant Domain Name unfairly benefiting from Kingston's

17
goodwill and reputation, to the substantial and irreparable injury of the public, Kingston, and

18
Kingston's authorized distributors.

19
        34.    Because the counterfeiting enterprise located at the Defendant Domain Name

20
requires a consumer to transfer money over the internet directly to the counterfeiters before the

21
consumer receives the counterfeit goods, defrauded consumers have no practical remedy or

22
method of returning the counterfeit goods and receiving reimbursement once they determine the

23
goods are not authentic or are defective.

24
        35.    Kingston likewise has been harmed by the counterfeiters' actions whenever a

25
consumer mistakenly believes that the inferior or defective memory devices sold through the

26
Defendant Domain Name are actually KINGSTON products.  Indeed, confused and deceived

KLARQUIST SPARKMAN, LLP
One Union Square
600 University Street, Suite 2950
Seattle, Washington  98101
206-264-2960

consumers have mistakenly returned the defective counterfeit goods to Kingston seeking

warranty protection, replacement products or reimbursement.  Counterfeiter's actions through the

use of the Defendant Domain Name thus have directly damaged the reputation for high-quality

products that Kingston has worked for decades to establish.

36.    The counterfeiters have sold counterfeit goods with knowledge that the

merchandise was in fact counterfeit.  Thus, the counterfeiters infringement of the KINGSTON

Marks through the Defendant Domain Name is willful.

37.    The immediate and irreparable injury both to consumers who do not have a

practical remedy for having been deceived into purchasing counterfeit products and to Kingston

and its distributors who are suffering immediate and irreparable injury to its reputation and

goodwill, well-earned over decades of work and expense, will not cease unless the Defendant

Domain Name is transferred to Kingston.

38.    The foregoing acts of counterfeiters have injured and/or will injure Kingston, by

depriving it of sales of its genuine goods, injuring its business reputation, and by passing off

counterfeiter's goods as authentic KINGSTON goods.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kingston hereby prays for the following:

A.    Judgment that the counterfeiters through the Defendant Domain Name have

willfully committed the acts of cyberpiracy alleged herein.

B.    Issuance of a temporary restraining order, preliminary and permanent injunction

enjoining and restraining counterfeiters through and their officers, agents, servants, employees

and all those aiding or abetting or in active concert or participation with them, including any

unnamed website hosting agent and all other persons or entities who receive actual notice of this

Order, whether acting directly or through any person, corporation, division, or subsidiary, from

the acts of cyberpiracy alleged herein, including such acts through the Defendant Domain Name.

COMPLAINT
Page 8

KLARQUIST SPARKMAN, LLP
One Union Square
600 University Street, Suite 2950
Seattle, Washington  98101
206-264-2960

C.    Issuance of an order directing the transfer of the domain name "kingstonusbcf.com" to Kingston, or, alternatively, the forfeiture or cancellation of the domain name.

D.    Damages suffered by Kingston, trebled, and an award of all profits that counterfeiters have derived while using the KINGSTON Marks, as well as costs and attorneys' fees to the fullest extent provided by law.

E.    Alternatively, that Kingston be awarded statutory damages to the full extent permitted under 15 U.S.C. § 1117 for each trademark that counterfeiters have counterfeited and infringed.

F.    Attorneys fees, Costs, Interest, and such further relief as this Court may deem just and equitable.

KLARQUIST SPARKMAN, LLP

DATED:  December 4, 2009          By:  _____
                                       Michael N. Zachary, WSBA No. 27064
                                       Mike P. Matesky, WSBA No. 39586
                                       One Union Square
                                       600 University Street, Suite 2950
                                       Seattle, Washington  98101
                                       Telephone:  206-264-2960
                                       michael.zachary@klarquist.com
                                       mike.matesky@klarquist.com

                                       Jan P. Weir (will move for admission *pro hac vice*)
                                       Douglas Q. Hahn (will move for admission *pro hac vice*)
                                       Taylor C. Foss (will move for admission *pro hac vice*)
                                       STRADLING YOCCA CARLSON & RAUTH
                                       660 Newport Center Drive, Suite 1600
                                       Newport Beach, CA  92660-6422
                                       Telephone: (949) 725-4000
                                       Fax: (949) 725-4100
                                       E-mail:  jweir@sycr.com

COMPLAINT
Page 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Attorneys for Plaintiffs*
*Kingston Technology Corporation;*
*Kingston Digital, Inc. and*
*Kingston Technology Company, Inc.*

COMPLAINT
Page 10

KLARQUIST SPARKMAN, LLP
One Union Square
600 University Street, Suite 2950
Seattle, Washington  98101
206-264-2960